# Richmond.

## MRS. LETTA P. EVANS v. NILS MICHAELSON.

### November 18, 1926.

1. MALICIOUS PROSECUTION—*Advice of Counsel—General Rule.*—When a defendant acts in good faith upon the advice of reputable counsel, after full disclosure of the facts, he is considered to have probable cause, although the advice of counsel may be wrong, and he will not be liable in damages.

2. MALICIOUS PROSECUTION—*Advice of Justice—Disclosure of Facts.*—In the instant case, an action for malicious prosecution, defendant contended that she was not liable because her agent went before a justice of the peace in good faith and accurately and fully stated the facts to him and requested his advice; and acted upon this advice when he swore out the warrant. But it appeared from the evidence that the agent did not make a full disclosure to the justice of the facts.

   *Held:* That, under the circumstances, the advice of the justice did not shield the defendant from liability.

3. MALICIOUS PROSECUTION—*Probable Cause—Arrest as Trespasser—Case at Bar.*—In the instant case the agent of defendant caused the arrest of plaintiff as a trespasser. Plaintiff was a chauffeur of defendant and was a tenant by the month and had a right to occupy the room over defendant's garage for the entire time for which his salary was paid. His discharge without cause did not make him a trespasser. Plaintiff had his trunk packed and on the outside of the building from 3 o'clock in the afternoon waiting for defendant's agent to take him to the station, which the agent did at 6:30. On three occasions that afternoon plaintiff told the agent that he was ready and going to leave the property. Plaintiff was arrested at 7 o'clock.

   *Held:* That these facts and circumstances would not cause a reasonable person to believe that plaintiff was guilty of a trespass.

4. MALICIOUS PROSECUTION—*Probable Cause—Definition.*—Probable cause is knowledge of such a state of facts and circumstances as excites the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected.

5. MALICIOUS PROSECUTION—*Knowledge of Law—Liability of Principal for Agent—Case at Bar.*—In the instant case, an action for malicious prosecution, defendant was presumed to know the law and was

responsible for the acts of her agent, within the scope of his employment.

6. MALICIOUS PROSECUTION—*Malice—Use of Criminal Process Instead of Civil Proceedings—Case at Bar.*—In the instant case the agent of defendant, wishing to get plaintiff off of defendant's premises, obtained a warrant for his arrest and had him arrested. The agent's remedy, if any, was by civil action, and this unlawful use of the court's criminal process established malice.

7. MALICIOUS PROSECUTION—*Malice.*—The wilful doing of an unlawful act is malice sufficient to support the action. By malice is not meant merely malignity or ill-will, but it includes every sinister or improper motive, *i. e.,* every motive other than a desire to bring to punishment a party believed to be guilty of crime.

8. MALICIOUS PROSECUTION—*New Trial—Malice and Probable Cause.*— Where, in an action of malicious prosecution, the questions of malice and probable cause were properly submitted to the jury and there was ample evidence to support their finding in favor of plaintiff, their verdict cannot be disturbed.

9. APPEAL AND ERROR—*Instructions—Refusal of Instructions—Jury Sufficiently Instructed Upon the Law of the Case.*—Where a careful consideration of all the instructions given and refused satisfied the Supreme Court of Appeals that the instructions refused were sufficiently covered by those granted, and that the jury were properly and sufficiently instructed upon the law of the case, it is immaterial what instructions were refused.

Error to a judgment of the Circuit Court of Bath county. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*O. B. Harvey* and *Bryan Carver*, for the plaintiff in error.

*H. H. Byrd*, for the defendant in error.

WEST, J., delivered the opinion of the court.

This was an action for malicious prosecution brought by Nils Michaelson against Mrs. Letta P. Evans.

3

There was a verdict and judgment for the plaintiff in the sum of $500 and the defendant is here complaining.

She assigns as error the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence and in refusing to give certain instructions.

The evidence is conflicting but there is evidence which, if believed, is sufficient to establish the following facts:

Mrs. Letta P. Evans owns a home in New York city and a residence at Hot Springs, Virginia, where she spends several months each year. In March, 1925, she employed Nils Michaelson of New York city as chauffeur. Under the contract Mrs. Evans was to pay him an agreed salary per month, furnish him a uniform, a room and board, and pay his transportation back to New York. He was assigned a room on the second floor in the garage building and began work on April 1, 1925. Later Mrs. Evans decided to spend the summer in Europe and on May 19, 1925, left Hot Springs for New York.

William Giles was her caretaker, whose duty it was, in her absence, to keep trespassers off the premises and keep the buildings locked.

The next morning, acting under instructions from Mrs. Evans, Giles discharged Michaelson, paid him his salary to June 1, 1925, and instructed him to leave the premises. Michaelson doubted Giles' right to make him leave, and demanded that he show his authority for discharging him. After some controversy, at Giles' suggestion, they went to Justice McClintic and talked the matter over with him. Giles then told Michaelson that he had to leave or he would have him arrested. Michaelson went immediately to

his room and packed his trunk, and, with the assistance of Giles, brought it downstairs and put it by the side of Giles' car, and at three o'clock told Giles he was ready to leave.

About six o'clock Giles took the trunk to the Chesapeake and Ohio station. It was several hours before his train would leave Hot Springs and Michaelson lingered on the premises, talking with the cook and waiting for the butler, Manuel Gonzales, who was going with him to the moving pictures.

At six-thirty p. m. Giles came with the officer to execute the warrant of arrest which he, as agent for Mrs. Evans, had sworn out against Michaelson, charging him with trespass. Upon their arrival, Michaelson and Giles passed some hot words and Giles assaulted Michaelson. Michaelson told Giles he was ready to go and started to walk away, when he stopped and asked them to wait a minute until his friend, Gonzales, who was going with him, could get his cap, the officer arrested him and at seven o'clock placed him in jail where he remained for about three hours.

Giles was using the criminal process of the court to enforce an alleged civil right, and when he had gotten Michaelson off the premises he abandoned the prosecution. The justice made final disposition of the case about ten o'clock by dismissing the warrant and discharging the defendant from jail.

Michaelson never at any time refused to leave the premises, and told Giles three times before the arrest was made that he was ready to go.

[1, 2] The defendant contends that she is not liable because Giles went to Justice McClintic in good faith and accurately and fully stated the facts to him and requested his advice and acted upon his advice when he swore out the warrant.

[3] It is the law that when a defendant "acts in good faith upon the advice of reputable counsel, after full disclosure of the facts, he is considered to have probable cause, although the advice of counsel may be wrong, and he will not be liable in damages." *Va.-Tenn. Motor Truck Corp.* v. *Wilson,* 140 Va. 260, 124 S. E. 231. But Giles did not make a full disclosure to the justice. When he swore out the warrant about six-thirty o'clock in the afternoon he did not tell McClintic that under his contract Michaelson was tenant by the month and had a right to occupy the room for the entire time for which his salary was paid, and that his discharge without cause did not make him a trespasser; nor did he tell him that Michaelson had his trunk packed and on the outside of the building from three o'clock in the afternoon waiting for Giles to take it to the Chesapeake and Ohio station, and that he had already taken it to the station; nor that Michaelson had told him on three occasions that afternoon that he was ready and was going to leave the property. Under the circumstances, the advice of the justice does not shield the defendant from liability; nor would the facts and circumstances cause a reasonable person to believe that Michaelson was guilty of a trespass.

[4] "Probable cause is knowledge of such a state of facts and circumstances as excites the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Guggenheimer* v. *Southern Seminary, Inc.,* 141 Va. 139, 126 S. E. 72.

[5] Mrs. Evans was presumed to know the law and is responsible for the acts of her agent, within the scope of his employment.

[6] Giles lived several miles in the country and was

anxious to close the premises and get home. He manifested a wanton disregard for the rights of Michaelson. He admits that he got the criminal warrant out only for the purpose of getting Michaelson off the property. After Michaelson was placed in jail, he went home and never returned to prosecute the case. His remedy, if any, was by civil action, and this unlawful use of the court's criminal process establishes malice.

In *Lyons* v. *Davy-Pocahontas Coal Co.*, 75 W. Va. 739, 84 S. F. 744, the defendant was arrested on a warrant charging him with trespass, sworn out by the landlord's agent, acting within the scope of his employment, for the sole purpose of getting him off the land. The court held that such conduct on the part of the agent established malice.

[7] In Burks Pleading & Practice (2d ed.), section 132, page 201, this is said: "The wilful doing of an unlawful act is malice sufficient to support the action * * *. By malice is not meant merely malignity or ill-will, but it includes every sinister or improper motive, *i. e.*, every motive other than a desire to bring to punishment a party believed to be guilty of crime."

[8] The questions of malice and probable cause were properly submitted to the jury and there is ample evidence to support their finding in favor of the plaintiff.

The court gave the jury the following instructions:

[9] Plaintiff's Instruction A. "If the jury believe from the evidence that the defendant through William Giles, her agent, falsely and maliciously and without reasonable or probable cause, swore out a warrant against the plaintiff charging plaintiff with unlawful trespassing upon defendant's property; that under such warrant so procured, plaintiff was arrested and put in jail for several hours, and that without trial or hearing

before the justice, the plaintiff, without his consent or procurement, was released from custody by the justice or the officer who arrested him, and further prosecution of plaintiff under such warrant was abandoned by defendant, and that such abandoment was not with the consent or by the procurement of the plaintiff, then the jury should find for the plaintiff, and award him such damages as in the opinion of the jury, from the evidence, will compensate him for bodily and mental suffering and the humiliation and injury to his reputation, if any, sustained by him by reason of such arrest, imprisonment and prosecution."

Defendant's Instruction No. 1. "The court instructs the jury that the burden is upon the plaintiff, Nils Michaelson, in this case to establish the following facts by a preponderance of the evidence:

"First:   That the warrant in this case was sworn out maliciously and without probable cause therefor by William Giles.

"Second:   That the said plaintiff was arrested and detained by virtue of such warrant, and that the plaintiff has suffered as a proximate result thereof."

Defendant's Instruction No. 2.   "The court instructs the jury that if they believe from the evidence that William Giles, acting as a man of common prudence, had reasonable and probable cause for believing that Nils Michaelson was guilty of the offense charged in the warrant mentioned in evidence and was justified in so believing from the circumstances then known to him, and believing in good faith swore out the said warrant against the said Michaelson, then they should find a verdict for the defendant."

Defendant's Instruction No. 3.   "The court instructs the jury that the measure of responsibility for swearing out a criminal warrant is a reasonable belief

that a man of common prudence might, in good faith, entertain and be justified in believing from circumstances known to him at the time of the issuance of the warrant. If, therefore, the jury believe from the evidence that the said William Giles so acted in having the warrant against the plaintiff mentioned in evidence so issued, and if the jury further believe that the arrest, detention and imprisonment complained of by the plaintiff, were by officers of the law, only pursuant to said warrant, they should find a verdict for the defendant."

Defendant's Instruction No. 5. "The court instructs the jury that if they believe from the evidence in this case that Howard McClintic is a justice of the peace having jurisdiction at Hot Springs, in Bath county, Virginia, as such justice, and that William Giles went to said justice and fully, fairly and truthfully stated the facts and circumstances as he knew them or believed them to be with regard to the conduct of Nils Michaelson, and requested the advice and guidance of such justice in his official capacity, and if they further believe that the said justice advised the issuance of a warrant and that a warrant was issued and the plaintiff arrested and detained, that they must find a verdict in favor of the defendant."

Defendant's Instruction No. 6. "The court instructs the jury that if they believe from the evidence in this case that after the defendant was arrested and detained and imprisoned, that he was by the justice ordered to be brought before him, and that no representative or agent of the defendant herein was present, and that thereupon the said justice before whom he was brought told the plaintiff that he would discharge him from custody provided he would agree not to go back upon the property of the defendant .n this suit,

and the said plaintiff in this suit voluntarily agreed and consented to this arrangement, then the jury should find a verdict in favor of the defendant."

Defendant's Instruction No. 11. "The court instructs the jury that this action is for malicious prosecution and not for damages growing out of any personal encounter which may have been had between the plaintiff and William Giles."

A careful consideration of all the instructions given and refused satisfies us that the instructions refused were sufficiently covered by those granted, and that the jury were properly and sufficiently instructed upon the law of the case. This being true, it is immaterial what instructions were refused.

The case has been fairly and impartially tried upon its merits, and substantial justice has been done. We find nothing in the record which would justify us in reversing the judgment complained of.

*Affirmed.*