# CIRCUIT COURT OF THE CITY OF ROANOKE

Vicki G. Kreider

    v.

AutoWorld of Roanoke, Inc.,
d/b/a Holiday Mitsubishi


AutoWorld of Roanoke, Inc.,
d/b/a Holiday Mitsubishi

    v.

Vicki G. Kreider

February 9, 1996

Case No. CL95-1372

BY JUDGE ROBERT P. DOHERTY, JR.

In this malicious prosecution case, Kreider claims that AutoWorld is liable for causing her arrest on a bad check warrant when in fact she had sufficient funds in the bank to pay the check but had stopped payment on it. AutoWorld, through its representative, had appeared before a neutral and detached magistrate and swore truthfully that Kreider had stopped payment on the $340.67 check. The check and a five-day notice were shown to the magistrate. It was clear that insufficient funds was not the reason that the bank did not pay the check.

AutoWorld, after giving truthful and complete testimony to the magistrate on all relevant issues concerning the return of the check, was safe in relying on the determination/advice of the magistrate who was exercising his judicial function, despite the fact that the magistrate was wrong. *Evans v. Michaelson,* 146 Va. 64 (1926). To hold otherwise would have a chilling effect on criminal

prosecutions and would make witnesses in criminal cases reluctant to come forward and testify to the truth for fear that they would incur liability if the defendant were found not guilty. Despite the injustice of Kreider's arrest, AutoWorld is protected and will not be punished for testifying to the truth. On the malicious prosecution action, I find for the Defendant.

With respect to the warranty issue, Kreider was told when she purchased her used car that her warranty was good for four years beginning May 3, 1991. By a correction endorsement dated August 7, 1991, the warranty was unilaterally amended so that its commencement date was May 1, 1990. That amendment attempted to change Kreider's warranty from a four-year warranty to a three-year warranty by back dating its commencement. The unilateral attempted change in the warranty date had no effect on the warranty that was sold to the Kreiders. AutoWorld is not entitled to payment of the $340.67 repair bill other than what it collects under the warranty. On this issue, judgment is given to Kreider.